FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 FEB 13 A 11: 39

[signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TOBY BOATWRIGHT,

    Plaintiff,

vs.

MARTHA CHIPI; JEFFREY COUGHLIN; JOSE M. VAZQUEZ, and the FEDERAL BUREAU OF PRISONS,

    Defendants.

CIVIL ACTION NO.: CV207-038

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Federal Satellite Low in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting the conditions of his confinement. Plaintiff named the Federal Bureau of Prisons, Jose Vazquez, Jeffrey Coughlin, and Martha Chipi as Defendants in his original Complaint and alleged these Defendants were deliberately indifferent to his serious medical needs. Plaintiff filed an Amended Complaint. Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff filed a Response, Defendants filed a Reply, and Plaintiff filed a Surreply and Supplement. For the reasons which follow, Defendants' Motion should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Through his Amended Complaint, Plaintiff seeks to add the United States of America as a Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq. Plaintiff asserts the United States of America is the proper Defendant "in this federal Tort Claim action." (Doc. No. 50, p. 3). Plaintiff also asserts he "alleges negligence, medical negligence and malpractice" against the United States because employees of the Bureau of Prisons knowingly and intentionally withheld medical treatment for non-medical reasons. (Id., p. 4).

Defendants contend that Plaintiff seeks to amend his Complaint to add a new defendant and an entirely new claim. Defendants aver that, before a cause of action pursuant to the FTCA against the United States can be brought, a plaintiff must meet the FTCA's "presentment requirement". Defendants also aver that Plaintiff filed an administrative claim with the Bureau of Prisons concerning his medical care for purposes of an FTCA claim, but no determination was made on Plaintiff's claim until several months after he filed the instant cause of action.

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007)[1]. In making

---

[1] In Twombly, the Supreme Court "retired" the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957), and noted that, while "a complaint attacked

AO 72A
(Rev. 8/82)

2

this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002). When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

Ordinarily, a plaintiff is safeguarded by a presumption that the allegations in his complaint are true when a defendant files a Rule 12(b)(6) motion to dismiss. However, a plaintiff does not necessarily have this same protection from a 12(b)(1) motion. "If the 12(b)(1) motion represents a facial attack on jurisdiction-that is, the facts as stated supposedly do not provide cause for federal jurisdiction-then the facts alleged by the plaintiff are given the same presumption of truthfulness as they would receive under a 12(b)(6) motion." Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002). "If, however, the 12(b)(1) motion raises a factual attack on jurisdiction-the very facts providing cause for jurisdiction are themselves challenged-then no such presumption

---

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff is obliged to "provide the grounds of his entitlement to relief", which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" 550 U.S. at ___, 127 S. Ct. at 1264-65.

exists and the district court is allowed to consider the facts as it sees fit." Id. at 1237-38. "In essence, the district court conducts a bench trial on the facts that give rise to its subject matter jurisdiction. Consequently, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. at 1238.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that, while Plaintiff filed an administrative claim with the Bureau of Prisons regarding his medical care, no determination was made on his claim until September 21, 2007, well after Plaintiff filed this federal lawsuit on March 21, 2007. Defendants contend exhaustion of administrative remedies did not occur until after Plaintiff filed the instant case, and, accordingly, the Court should not allow Plaintiff to amend his Complaint to bring a claim pursuant to the FTCA against the United States. Defendants additionally contend they have a pending Motion for Summary Judgment, and Plaintiff cannot bring a new claim in response to their Motion, to the extent he is seeking to do so by way of the instant amendment. Defendants allege Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Plaintiff contends he exhausted his administrative tort claim remedies as of September 21, 2007. Plaintiff asserts he has brought the instant action pursuant to Bivens and that he brings his amendment pursuant to the FTCA. Plaintiff also asserts he is amending his Complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure because Defendants filed a Motion to Dismiss, which is not a responsive pleading.

Defendants respond that, if Plaintiff were allowed to add an FTCA claim and the United States as a new defendant, Plaintiff would be placing his previously unexhausted claim into a pre-exhaustion cause of action. Defendants assert discovery has closed in this case, and the United States has not made an appearance before the Court or engaged in discovery. Defendants also assert allowing the addition of a previously unexhausted FTCA claim into a cause of action filed prior to the exhaustion of this FTCA claim would fly in the face of the letter and spirit of 28 U.S.C. § 2675. Defendants contend that, even if Plaintiff meets the general requirements of Rule 15(c)(2), he does not meet the requirements of Rule 15(c)(1)(C)(i) because the United States did not receive notice of this FTCA action and would be prejudiced by the addition of this claim after the close of discovery. Defendants also contend Plaintiff would not be prejudiced by the dismissal of his Amended Complaint because he is free to file a separate cause of action against the United States. Finally, Defendants assert that, if Plaintiff's amendment is deemed to relate back to the filing of his original Complaint under rule 15(c), the amendment sets forth claims which would not have been exhausted on the date Plaintiff filed his original Complaint.

In response, Plaintiff contends that he has not actually instituted an FTCA action because he is simply amending his original Bivens cause of action. Plaintiff also contends he did not have to seek leave of the Court to make his amendment pursuant to Rule 15(a), and, as such, Defendants' discussion of prejudice is not a factor. Plaintiff further contends Rule 15(c)'s relation back doctrine concerns limitations periods and is not relevant. Finally, Plaintiff contends discovery has not closed.

AO 72A
(Rev. 8/82)

5

Federal Rule of Civil Procedure 15(a) states that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." "For purposes of this Rule, a motion to dismiss is not a responsive pleading." Williams v. Bd. of Regents of Univ. Sys. of Georgia, 477 F.3d 1282, 1291 (11th Cir. 2007) (internal citation omitted).

Nevertheless, as a prerequisite to bringing suit under the FTCA, a potential plaintiff must first present the claim to the appropriate Federal agency. 28 U.S.C. § 2675(a). This section provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a). "A district court lacks jurisdiction over an FTCA [claim] if the plaintiff has not complied with the notice requirements of § 2675(a). Martinez v. Minnis, 2007 WL 4275511, *2 (11th Cir. Dec. 7, 2007) (internal citations and quotation omitted).

While Plaintiff can amend his Complaint once as a matter of course pursuant to Rule 15(a) because Defendants have not filed a responsive pleading, this Court lacks jurisdiction to entertain the claims presented in Plaintiff's Amended Complaint. Plaintiff filed his Complaint on March 21, 2007, and Plaintiff filed his Amended Complaint on January 10, 2008. In the interim, Plaintiff filed an administrative claim with the Bureau

AO 72A
(Rev. 8/82)

6

of Prisons. It is unclear when Plaintiff filed the administrative claim with the Bureau of Prisons; however, it is clear that Plaintiff filed his administrative remedy with the Bureau of Prisons after he filed the instant cause of action alleging Defendants violated his constitutional rights and did not receive a response until September 21, 2007, some six (6) months after he initiated the instant lawsuit. (Gov't's Ex. A, p. 1). Plaintiff evens admits to this. (See p. 4, supra). It was at the time Plaintiff received a response to his administrative tort claim request that he met the presentment requirements applicable to the FTCA. Plaintiff thus did not meet the presentment requirements of section 2675(a) at the time he filed the instant cause of action. The Court cannot allow Plaintiff to circumvent clear jurisdictional requirements by permitting him to proceed in this case with the claims asserted in his Amended Complaint when, at the time Plaintiff filed his original Complaint, the Court lacked subject matter jurisdiction to entertain his FTCA claims. Should Plaintiff wish to pursue his FTCA claims against the United States of America pursuant to the FTCA, he must do so by filing a separate cause of action.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss Plaintiff's Amendment to Original Complaint be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of February, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

7